The People of Puerto Rico, Plaintiff and Appellee, *v.* Carmelo Concepción Vendrell, Defendant and Appellant.

No. 8016. Argued April 15, 1940.—Decided April 29, 1940.

*Villamil & Santana Becerra* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Policeman Federico Valdés filed a complaint in the Municipal Court of San Juan, Second Section, against Carmelo Concepción Vendrell who was charged with having infringed the provisions of subdivision (*e*) of section 12 of the Automobile Act, commited as follows:

". . . . on April 5, 1939, at 10:45 a. m., in Borinquen Avenue, Santurce, . . . . the said defendant, . . . . unlawfully, wilfully and maliciously, while driving jitney No. P–96 of the 'White Star Bus Line,' of San Juan, along Borinquen Avenue of Santurce, which is a highway, going from east to west, and when swerving to the left in order to pass another jitney that had stopped in front for passengers to alight, failed to slacken speed or to sound the horn, and overtook Ramona Rochet Vega, just as she was crossing the street from south to north, and negligently and carelessly injured her and possibly bruised and broke one of her ribs on the left side and caused another bruise on her cheek; . . . ."

He was convicted in the municipal court, whereupon he appealed to the district court. On a trial *de novo* he was again convicted, whereupon he appealed to this court.

The appellant assigns in his brief two errors which raise a single issue, to wit: whether or not the evidence is sufficient to convict the appellant of the infringement charged.

The act alleged to have been infringed provides:

"That persons operating motor vehicles on the public highway shall, . . . .

" .   .   .   .   .   .   .   .   .   .

" (*e*) On overtaking another vehicle or person, warning shall always be given and the person or slower-running vehicle shall draw

to the right as far as practicable, and the overtaking vehicle shall always pass to the left." Session·Laws of 1916, p. 148.

The fact of Ramona Rochel having been injured by the appellant gives color to the act, illustrates the necessity of the established rule, but does not constitute the offense. *People* v. *Viera*, 55 P.R.R. 843.

■ So that in analyzing the evidence we must confine ourselves to ascertain whether or not the same is sufficient to show that the jitney driven by defendant overtook and passed another jitney without any warning, or, as stated in the complaint, "he failed to slacken speed or to sound the horn".

The evidence for the prosecution consisted of the testimony of Federico Vallés, Petra María Correa and Juan Ramos Ramos. That for the defendant, of his own testimony.

Concerning the first two of the above witnesses, the prosecuting attorney of this court, in his argument before us, correctly expresses himself as follows:

"We agree that the first witness for the prosecution says nothing that might shed any light as to how the facts occurred, which facts are charged against the defendant as an infringement of the provisions of subdivision (*e*) of section 12 of the Automovile Act. (T. of R., pp. 1–3.)

"Nor are we convinced by the testimony of the second witness for the prosecution (T. of R. pp. 3–5) and relying on it exclusively we would not dare to uphold a conviction, . . . ."

The prosecution, however, claims that the testimony of the third witness is sufficient to justify an affirmance of the judgment. Let us see what he said:

He was traveling in a public car in the direction of Barrio Obrero; a jitney was standing there and this chauffeur (the defendant) was coming along in his jitney trying to pass the standing jitney, whereupon a girl going through Barrio Obrero, who alighted from a jitney, crossed the road and while crossing was struck by the jitney.

The jitney driven by defendant was traveling towards San Juan; that from which the girl got off, towards Barrio Obrero. The jitney driven by defendant was not going fast. He tried to pass the standing jitney, and when going to pass another jitney one must step on the gas, but not immoderately. He did not hear the sounding of horn. It came to a stop well ahead. It struck the girl with its left side.

On cross-examination by the attorney for the defendant he answered:

"Q.—How do you know that defendant did not sound the horn?'
"A.—Because I did not hear it.
"Q.—Were you expecting to hear the horn?
"A.—I was not.
"Q.—Were you driving a car?
"A.—I was.
"Q.—A public car?
"A.—A public car."

As this was the only testimony tending to show that no warning had been given, the evidence seems to us insufficient. All that the witness said was that he had not heard that the horn had been sounded. Such statement by itself is not strong enough, and still less strong than usually in view of the last answers given by the witness to the questions put to him by the attorney for the appellant.

Such being the facts, we think that the judgment should be reversed and the defendant discharged.